**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
**CARLOS JUÁREZ, individually and on behalf of**
**others similarly situated,**

**Case No.  23 Civ. 4134**

         **Plaintiff,**

**CLASS AND**
**COLLECTIVE ACTION**
**COMPLAINT**

       **- against -**

**YDW PRODUCE CORP d/b/a BINGO**
**WHOLESALE and MARAV USA LLC d/b/a**
**BINGO WHOLESALE,**

**Plaintiff Demands a Jury**
**Trial**

         **Defendants.**

-----------------------------------------------------------------X

Plaintiff Carlos Juárez (hereinafter collectively referred to as "Plaintiff"),

individually and on behalf of others similarly situated, by and through his attorneys, The

Law Offices of Fausto E. Zapata, Jr., P.C., and belief, and as against YDW Produce Corp

d/b/a Bingo Wholesale and Marav USA LLC d/b/a Bingo Wholesale (hereinafter referred

to as "Defendants") allege as follows:

## INTRODUCTION

1.       Defendants owns and operates a retail full-service supermarket doing a business

under the name of Bingo Wholesale located at 1245 61st Street, Brooklyn, New York,

New York 11219 (hereinafter "Supermarket").

2.       Defendants' supermarket employees over 69 individuals and has various

departments, including Produce, Fish and Seafood, Dairy and Eggs, Frozen Food,

Grocery, Stocking and Inventory, Cashiering and Checkout, etc.

3.       Plaintiff was employed by Defendants from 2016 to 2023 as a Supermarket

Worker within the Seafood Department and during his employment, he and other

similarly situated Supermarket Workers were subjected a common policy and plan that deprived them of overtime wages on those occasions where they worked in excess of 40 hours in a workweek and Spread of Hour Pay on those occasions where the duration of hours, between start and end of their shift, exceeded ten in a single day.

4.      This lawsuit seeks to enforce the Plaintiff's and similarly situated workers' statutory right to be paid premium overtime wages equal to one and one-half times their respective regular hourly rates of pay for all hours worked more than 40 in a workweek, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. (hereinafter referred to as "FLSA").

5.      Plaintiff brings this action on behalf of themselves and similarly situated current and former workers who opt-in to this action pursuant to the FLSA specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived Plaintiff and others similarly situated of their lawfully earned wages (hereinafter referred to as the "FLSA Class".)

6.      Plaintiff brings the following claims under the New York Labor Law (hereinafter referred to as "NYLL") on an individual basis and in the form of a class action on behalf of current and former Supermarket Workers, pursuant to Federal Rule of Civil Procedure, Rule 23 (hereinafter "NYLL Class"): (i) unpaid overtime wages on occasions where Plaintiff and the NYLL Class worked in excess of 40 hours in a workweek without receiving premium overtime wages, pursuant to the NYLL §§ 190 and 650, *et seq*. and the New York State Department of Labor's Miscellaneous Industries and Occupations Wage Order, 12 N.Y.C.R.R. Part 142, *et seq*. ("Wage Order"); (ii) unpaid spread of hours

wages associated with workdays where the start and end of the workday exceeded 10 or more hours, for which Plaintiff and the NYLL Class did not receive the basic minimum hourly wage rate, as required by the NYLL and the Wage Order; (iii) damages under the Wage Theft Prevention Act for Defendants' failure to comply with the Notice and Recordkeeping requirements under NYLL §§ 195(1)(a); (iv) damages under the Wage Theft Prevention Act for Defendants' failure to provide Plaintiff with wage statements that satisfied the requirements within NYLL § 195(3); (v) attorneys' fees and costs, pre-judgment and post-judgment interest, as well as both liquidated and punitive damages pursuant to NYLL.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's FLSA claims arise under the laws of the United States, i.e., 29 U.S.C. § 216(b).

8.      The Court has original jurisdiction over Plaintiff's FLSA claims because they arise out laws of the United States that were created by the United States Congress pursuant to its constitutional authority and power to regulate commerce.

9.      This Court has original jurisdiction over Plaintiff's FLSA claims, pursuant to 28 U.S.C. §§ 1331 and 1337 and 29 U.S.C. § 216(b).

10.      This Court has supplemental jurisdiction over Plaintiff's New York State claims pursuant to 28 U.S.C. § 1367 because they are so related to the FLSA claims in this action that they form part of the same controversy under Article III of the United States Constitution.

11.     This Court is statutorily empowered to issue declarations, having the force and effect of a final judgment, as to the rights or other legal relations of any interested party seeking such a declaration, and further relief, and further necessary or proper relief based on a declaratory judgment, pursuant to 29 U.S.C. §§ 2201 and 2202.

12.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

13.     Plaintiff consent to being party plaintiff pursuant to 29 U.S.C. § 216(b).

14.     Plaintiff resides in Kings County, New York.

15.     Plaintiff brings the FLSA claims individually and as representative party of a prospective class of similarly situated individuals pursuant to the FLSA, 29 U.S.C. § 216(b).

16.     At all relevant times herein, Defendant YDW Produce Corp d/b/a Bingo Wholesale was and is domestic business corporation duly organized under, and existing by virtue of, the laws of the State of New York.

17.     At all relevant times herein, Defendant Marav USA LLC d/b/a Bingo Wholesale was and is foreign limited liability company duly organized under, and existing by virtue of, the laws of the State of New York.

18.     At all times relevant herein, Defendant YDW Produce Corp d/b/a Bingo Wholesale and Defendant Marav USA LLC d/b/a Bingo Wholesale were joint employers.

19.     At all relevant times, Defendants owned, operated, or controlled a supermarket located at 1245 61st Street, Brooklyn, New York, New York 11219.

20.     At all relevant times, Defendants maintained control, oversight, and direction over Plaintiff.

21.     At all relevant times, Defendants maintained control, oversight, and direction over the NYLL Class and the FLSA Class (hereinafter collectively referred to as "FLSA/NYLL Class"), including timekeeping, payroll and other employment practices that applied to them.

22.     At all relevant times, Plaintiff's and the FLSA/NYLL Class's workweek consisted of seven consecutive days beginning on Sunday.

23.     Upon information and belief, Defendants applied the same employment policies, practices and procedures with respect to payment of minimum wages, spread of hour pay, and overtime compensation to all Supermarket Workers, and including Plaintiff and the FLSA/NYLL Class.

24.     At all relevant times herein, Plaintiff was an "employee" within the meaning of 29 U.S.C. § 203(e).

25.     At all relevant times herein, Defendants employed Plaintiff and the FLSA/NYLL Class were individually and collectively an "employee", within the meaning of the Wage Order, 12 N.Y.C.R.R. § 142-2.14(a).

26.      At all relevant times herein, Plaintiff and the FLSA/NYLL Class were "employees" of Defendant, as within the meaning of NYLL § 2(5).

27.     At all relevant times herein, Plaintiff and the FLSA/NYLL Class were "employees" of Defendant, within the meaning of NYLL § 190(2).

28.     At all relevant times herein, Plaintiff and the FLSA/NYLL Class were "employees" of Defendant, within the meaning of NYLL § 651(5).

29.     At all relevant times herein, Defendants was an "employer" of Plaintiff and the FLSA Class within the meaning of 29 U.S.C. § 203(d).

30.     At all relevant times, eleven or more employees worked for Defendant, thereby making Defendants a large employer, pursuant to the Wage Order, 12 N.Y.C.R.R. § 142-2.1(a)(1)(i).

31.     At all relevant times herein, Defendants was an "employer," of Plaintiff and the FLSA/NYLL Class, within the meaning of NYLL § 2(6).

32.     At all relevant times herein, Defendants was an "employer," of Plaintiff and the FLSA/NYLL Class, within the meaning of NYLL § 190(3).

33.     At all relevant times herein, Defendants was an "employer," of Plaintiff and the FLSA/NYLL Class, within the meaning of NYLL § 651(6).

34.      At all relevant times herein, Plaintiff and the FLSA/NYLL Class were "employed" by Defendant, as defined by NYLL § 2(7).

35.     At all relevant times herein, Defendants have been within the meaning of a "person" as defined in 29 U.S.C. § 203(a).

36.     At all times relevant herein, Defendants was an "enterprise" within the meaning of 29 U.S.C. § 203(r).

37.     At all relevant times herein, Defendants was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1).

38.     Upon information and belief, at all relevant times herein, Defendants had gross annual revenues more than $500,000.00.

39.     Upon information and belief, at all relevant times herein, Defendants have employed individuals engaged in commerce or in the production of goods for commerce.

40.     Upon information and belief, at all relevant times herein, Defendants have employed individuals who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

41.     At all relevant times herein, Plaintiff and the FLSA Class were employees engaged or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206 – 207.

42.     At all relevant times herein, Defendants have been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 203, 206(a) and 207(a).

43.     Defendants are each a covered employer within the meaning of the FLSA and NYLL, and at all relevant times employed the Plaintiff and the FLSA/NYLL Class.

## COLLECTIVE ACTION CLAIMS

44.     Defendants maintained a policy and pattern or practice of intentionally refusing to pay Plaintiff and the FLSA Class premium overtime compensation, equal to at least one and a half times the statutory minimum wage, for all hours worked beyond 40 per workweek.

45.     Plaintiff brings the First Cause of Action, an FLSA claim, on behalf of themselves and all similarly situated persons who have worked, in the past or currently, as Supermarket Workers who have been subject to the same common policy and plan to violate the FLSA and NYLLL by failing to pay premium overtime wages for all hours worked in excess of forty in a workweek  who elect to opt-in to this action.

46.    The FLSA Class consists of at least 69 similarly situated current and former employees of Defendants who have been victims of Defendants' common policy and practice that have violated their rights under the FLSA.

47.    All the work that Plaintiff and the FLSA Class have performed has been assigned by Defendant, and/or Defendants have been aware of all the work that Plaintiff and the FLSA Class have performed.

48.    As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Class.  This policy or practice includes:

a)    willfully failing to pay its employees, including Plaintiff and the FLSA Class, premium overtime wages equal to one and one-half times their regular hourly rate of pay for all hours that they worked in excess of 40 hours in a workweek; and,

b)    failing to maintain accurate records of hours worked by employees as required by the FLSA.

49.    Defendants' unlawful conduct, as described in this Class and Collective Action Complaint, is pursuant to a corporate policy or practice minimizing labor costs by failing to record the hours Defendants' employees' work.

50.    Defendants are aware, or should have been aware, that federal law required Defendants to pay employees performing non-exempt duties the statutory minimum wage and overtime premium for hours worked more than 40 per workweek.

51.    Plaintiff and the FLSA Class perform or performed various related duties associated with the operation of a supermarket.

52.    Defendants' unlawful conduct has been widespread, repeated, and consistent.

53.     The FLSA Class would benefit from the issuance of court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.  Those similarly situated employees are known to the Defendant, are readily identifiable, and locatable through Defendants' records.

54.      Plaintiff seeks certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

55.     Plaintiff brings the Second, Third, Fourth, and Fifth Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of:

> All persons who work or have worked for Defendants as non-exempt Supermarket Workers, from June 5, 2017 to the date a final judgment is issued in this matter, who were subjected a common policy and plan that deprived them of overtime wages on those occasions where they worked in excess of 40 hours in a workweek and/or deprived them of Spread of Hour Pay, on those occasions where the duration of hours, between start and end of their work shift, exceeded ten in a single day, without payment of one hour of the basic minimum hourly wage rate.

56.     Excluded from the NYLL Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during

the class period has had, a controlling interest in Defendant, and all other persons who will submit timely and otherwise proper requests for exclusion from the NYLL Class.

57.    The members of the NYLL Class are so numerous that joinder of all members is impracticable.

58.    Upon information and belief, the size of the NYLL Class is at least 69 individuals. Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendant.

59.    Defendants have acted or has refused to act on grounds generally applicable to the NYLL Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the NYLL Class.

60.    Common questions of law and fact exist as to the NYLL Class that predominate over any questions only affecting them individually and include, but are not limited to the following:

      i. Whether Defendants violated the NYLL Articles 6 and 19, and supporting New York State Department of Labor regulations;

      ii.    Whether Defendants failed to pay Plaintiff and the NYLL Class overtime wages to which they were entitled in violation of the Wage Order, 12 N.Y.C.R.R. § 142-2.2;

      iii.    Whether Defendants failed to pay Plaintiff and the NYLL Class overtime wages to which they were entitled in violation of the NYLL;

      iv.    Whether Defendants failed to furnish Plaintiff and the NYLL Class with an accurate statement of wages, hours worked, rates paid, gross wages, and overtime rate of pay as required by NYLL § 195(3);

v.    Whether Defendants failed to furnish Plaintiff and the NYLL Class with a notice of terms of employment, as required by NYLL §§ 195(1) and 195(2);

vi.    Whether Defendants failed to pay Plaintiff and the NYLL Class spread of hour pay that they earned, in violation of N.Y. Comp. Codes R. & Regs. tit. 12, § 142.2.4;

vii.    Whether Defendants' policy of failing to pay workers all the wages earned, in compliance with NYLL, was instituted willfully or with reckless disregard of the law;

viii.    Whether Defendants had a good faith basis for believing that its underpayment of wages was compliant with the NYLL and Wage Order; and,

ix.    The nature and extent of class-wide injury and the measure of damages for those injuries.

61.    The claims of Plaintiff are typical of the claims of the NYLL Class Plaintiff seeks to represent.

62.    Plaintiff and all the NYLL Class members work, or have worked, for Defendants as Supermarket Workers, whose primary duties revolve around stocking the supermarket with food products and selling them to the public.

63.    Plaintiff and the NYLL Class members enjoy the same statutory rights under the NYLL to be paid for all hours worked, to be paid overtime wages, and to receive accurate paycheck wage statements.

64.     Plaintiff and the NYLL Class have all sustained similar types of damages because of Defendants' failure to comply with the NYLL.

65.     Plaintiff and the NYLL Class have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.

66.     Plaintiff will fairly and adequately represent and protect the interests of the members of the NYLL Class.

67.     Plaintiff understands that as class representatives, he will assume a fiduciary responsibility to the class to represent its interests fairly and adequately.

68.     Plaintiff recognizes that as class representatives, he must represent and consider the interest of the class just as he would represent and consider their own interests.

69.     Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor their own interest over the class.

70.     Plaintiff recognizes that any resolution of a class action must be in the best interests of the class.

71.     Plaintiff understands that to provide adequate representation, he must be informed of the developments of the litigation, cooperate with class counsel, and testify at deposition and/or trial.

72.     Plaintiff has retained counsel competent and experienced in complex large-scale wage and hour litigation.

73.     There is no conflict between Plaintiff and the NYLL members.

74.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation.

75.    The members of the NYLL Class have been damaged and are entitled to recovery because of Defendants' violations of the NYLL, as well as their common and uniform policies, practices, and procedures.

76.    Although the relative damages suffered by individual NYLL Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.

77.    The individual Plaintiff, the NYLL Class, lack the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages.

78.    In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

79.    This action is properly maintained as class action under Federal Rule of Civil Procedure 23(d)(3).

80.    The exact number of such individuals is presently unknown but is known by Defendants and can be ascertained through the discovery process.

**<u>FACTUAL ALLEGATIONS</u>**

81.    In or around October 2016, Defendants hired Plaintiff to work as a Supermarket Worker within Defendants' Supermarket.

82.    Plaintiff was assigned to work at Defendants' Supermarket located at 1245 61st Street, Brooklyn, New York.

83.    At the Supermarket, at all relevant times, Defendants have and continue to employ numerous workers engaged in various aspects of Defendants' business, which can be divided into various departments.

84.    For example, the Supermarket has a Produce Department that employs approximately 22 Supermarket Workers, a Fish and Seafood Department that employs 3 Supermarket Workers, a Dairy Department that employs 6 Supermarket Workers, a Candies and Dried Fruit Department that employs 4 Supermarket Workers, and 25 Stock and Inventory Department Supermarket Workers and 15 Checkout and Cashiering Department Supermarket Workers.

85.    At the time that Plaintiff was hired, Defendants paid him a salary of $1,000 per week and assigned Plaintiff to work from 7:00 AM to 5:00 PM Monday through Thursday and 7:00 AM to 3:00 PM on Friday.

86.    Plaintiff was informed at the time that he was hired that aside from his flat salary of $1,000.00 per week, he would not be paid premium overtime pay on workweeks where he worked more than 40 hours.

87.    At all relevant times, Plaintiff was assigned to work within the Fish and Seafood Department where his duties included preparing purchase orders, confirming receipt of deliveries, stocking, cleaning, labeling, packaging, and storing, fish and seafood products.

88.    During the time that Plaintiff was paid a salary of $1,000 per week, Defendants issued Plaintiff paystubs that did not conform to NYLL § 195(3), including, but not limited to disclosing the applicable overtime premium rate of pay and the number of hours that Plaintiff's worked in the pay period being compensated.

89.     In or around August 2021, Defendants ceased paying Plaintiff on a salary basis and began paying Plaintiff on an hourly basis at a regular hourly rate of $15.

90.     In or around September 2021, Plaintiff's regular hourly rate of pay was increased to $15.50.

91.     In or around April 2022, Plaintiff's regular hourly rate of pay was increased to $16.00.

92.     Upon information and belief, and consistent with Defendants' policy and practice, at the time that Plaintiff's pay structure changed and/or modified, Defendants failed to provide Plaintiff with a written notice, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §§195(1) and 195(2).

93.     Upon information and belief, after Defendants unilaterally changed Plaintiff's pay structure from a flat salary to an hourly rate of pay, in or around August 2021, Defendants also changed Plaintiff's regular work hours to Monday 7:00 AM to 5:00 PM, Monday and Tuesday, 8:00 AM to 5:00 PM, Wednesday and Thursday, 7:30 AM to 8:00 PM, and Friday, 7:00 AM to 1:00 PM.

94.     Throughout Plaintiff's employment with Defendant, Plaintiff's workdays, calculated from the start to end of the workday, often exceeded 10 hours, for which

Plaintiff and the NYLL Class did not receive the basic minimum hourly wage rate, as required by the NYLL and the Wage Order.

95.     In or around 2022, Plaintiff learned that he and other Supermarket Workers that he worked with were entitled to receive spread of hour pay equal to one hour at the minimum rate of pay on occasions where the start and end of the workday equaled to 10 hours or more.

96.     In or around October 2022, Plaintiff, in conversations with Supermarket Workers who were assigned to work within the Produce Department, Plaintiff learned that none of the workers within the Produce Department received spread-of-hour pay at the regular minimum hourly wage rate on those occasions where the start and end of their workday exceeded 10 hours.

97.     In conversations with his coworkers within the Fish and Seafood Department throughout his employment, and most recently in 2022, Plaintiff learned that none of the Supermarket Workers Fish and Seafood Department received spread-of-hour pay at the regular minimum hourly wage rate on those occasions where the start and end of their workday exceeded 10 hours.

98.     In or around October 2022, in conversations with a Supermarket Worker assigned to Stocking and Inventory Department received premium overtime pay, equal to one and one-half times the regular hourly rate of pay, on occasions where they worked more than 40 hours in a regular workweek.

99.     In or around October 2022, in conversations with his coworkers assigned to work in the Stocking and Inventory Department, Plaintiff learned that none of the Supermarket Workers in the Stocking and Inventory Department received spread-of-hour pay at the

regular minimum hourly wage rate on those occasions where the start and end of their workday exceeded 10 hours.

100.    Upon information and belief, at all relevant times herein, Defendants maintained a policy and practice of depriving its Supermarket Workers of premium overtime wages and spread of hour pay.

101.    In or around February 10, 2023, Defendants terminated Plaintiff's employment.

102.    When Plaintiff served the instant Complaint on Defendants, Plaintiff also served Defendant YDW Produce Corp with notice, pursuant to N.Y. Business Corporation Law §§ 624 and 630, requesting the opportunity to inspect Defendants' books and records and requesting the contact information for the ten largest shareholders of each Defendant, respectively, and informing Defendant YDW Produce Corp that Plaintiff intended to hold the ten largest shareholders, as determined as of the beginning of the period during which the unpaid services were performed, personally liable for unpaid wages.

103.    Plaintiff served Defendant Marav USA LLC with notice, pursuant to N.Y. Limited Liability Company Law § 609(c), to inform it that Plaintiff intended to hold the ten members with the largest percentage ownership interest, as determined as of the beginning of the period during which the unpaid services were performed, jointly and severally be personally liable for all debts, wages or salaries due and owing to Plaintiff, for services performed by them for such limited liability company

**FIRST CLAIM OF RELIEF**
**FAIR LABOR STANDARDS ACT**
**OVERTIME VIOLATIONS**
**(BROUGHT ON BEHALF OF PLAINTIFF AND FLSA CLASS)**

104.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

105.    The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq*., and the supporting federal regulations apply to Defendants and protects Plaintiff and the FLSA Class.

106.    At all relevant times, Defendants failed to take active steps to ascertain the FLSA's requirements and/or act to comply with the FLSA's requirements.

107.    Defendants failed to pay Plaintiff and the FLSA Class overtime wages for all hours they worked more than 40 hours in a workweek.

108.    Defendants will not be able to demonstrate that it acted in good faith and had reasonable grounds for believing that the unlawful conduct, as described in the instant Class and Collective Action Complaint, was compliant with the FLSA.

109.    Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Class. Defendants was aware or should have been aware that the practices described in the Class and Collective Action Complaint were unlawful.

110.    Defendants' unlawful conduct, as described in the instant Class and Collective Action Complaint, has been willful and intentional.

111.    Due to Defendants' willful violations of the FLSA, a three-year statute of limitations, pursuant to 29 U.S.C. § 255, applies.

112.    As a result of Defendants' unlawful acts, Plaintiff and the FLSA Class have been deprived of overtime wage compensation in amounts to be determined at trial and are entitled to recover of such amounts, liquidated damages, prejudgment interest, attorney's fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
**NEW YORK STATE LABOR LAW
VIOLATIONS OF THE OVERTIME PROVISIONS
(BROUGHT ON BEHALF OF PLAINTIFF AND THE NYLL CLASS)**

113.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

114.    The overtime wage provisions of Article 19 of the NYLL and the Wage Order apply to Defendants and protects Plaintiff and the members of the NYLL Class.

115.    Defendants failed to pay Plaintiff and the members of the NYLL Class overtime wages to which they are entitled under the NYLL and the Wage Order.

116.    At all relevant times herein, Defendants did not have a good faith basis for believing that its underpayment of wages was compliant with the NYLL and Wage Order.

117.    Through their knowledge or intentional failure to pay Plaintiff and the members of the NYLL Class overtime wages for hours worked more than 40 hours per week, Defendants have willfully violated the NYLL Article 19 §§ 650 *et seq*., and the Wage Order, 12 N.Y.C.R.R. § 142-2.2.

118.    Due to Defendants' violations of the NYLL, Plaintiff and the members of the NYLL Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by NYLL Article 6, § 198, reasonable attorneys' fees, costs, and prejudgment interest.

### THIRD CLAIM FOR RELIEF
**NEW YORK STATE LABOR**
**SPREAD OF HOURS WAGE ORDER VIOLATIONS**
**(BROUGHT ON BEHALF OF PLAINTIFF AND THE NYLL CLASS)**

119.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

120.    The overtime wage provisions set forth in the NYLL and the Wage Order, 12 N.Y.C.R.R. § 142-2.4, apply to Defendants and protects Plaintiff and the NYLL Class.

121.    At all relevant times herein, Defendants did not have a good faith basis for believing that its non-payment of spread of hour pay was compliant with the NYLL and Wage Order.

122.    Defendants' willfully violated Plaintiff's and the members of the NYLL Class rights by failing to pay them spread of hours compensation of one additional hour of pay at the basic minimum hourly rate of pay when their workday lasted longer than ten hours, in accordance with the NYLL and the Wage Order, 12 N.Y.C.R.R. § 142-2.4.

123.    Defendants' NYLL violations have caused Plaintiff and the members of the NYLL Class irreparable harm for which there is no adequate remedy at law.

124.    Due to Defendants' NYLL violations, Plaintiff, and the members of the NYLL, Class are entitled to recover from Defendants unpaid compensation, liquidated damages, prejudgment interest, reasonable attorneys' fees, and costs and disbursements in connection with this action, pursuant to NYLL §§ 663 and 198.

## FOURTH CLAIM FOR RELIEF
### NEW YORK STATE LABOR LAW
### NOTICE AND RECORDKEEPING REQUIREMENT
### (BROUGHT ON BEHALF OF PLAINTIFF AND THE NYLL CLASS)

125.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

126.    The minimum wage provisions of Article 6 of the NYLL and its supporting regulations apply to Defendants and protect Plaintiff and the members of the NYLL Class.

127.    Defendants failed to provide Plaintiff and the members of the NYLL Class with a written notice, in English and in Spanish, at the time that they were hired and when their hourly rate of pay changed, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §§ 195(1) and 195(2).

128.    At all times relevant herein, Defendants failed to make complete and timely payment of all wages due under the NYLL and Wage Order to Plaintiff and members of the NYLL class.

129.    At all times relevant herein, Defendants did not have a good faith basis for believing that it was not required to provide Plaintiff and members of the NYLL Class with the notice pursuant to NYLL §§ 195(1) and 195(2).

130.    Through their knowledge or intentional failure to provide Plaintiff and the members of the NYLL Class with notice statements, Defendants have willfully violated the NYLL Article 6 §§ 195(1) and 195(2).

131.    Due to Defendants' violations of the NYLL § 195(1), Plaintiff and the members of the NYLL Class are entitled to recover from Defendants $5,000.00 in damages, as provided for by NYLL Article 6, § 198, reasonable attorneys' fees and costs.

**FIFTH CLAIM FOR RELIEF**
**NEW YORK STATE LABOR LAW**
**WAGE STATEMENT PROVISION**
**(BROUGHT ON BEHALF OF PLAINTIFF AND THE NYLL CLASS)**

132.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

133.    The minimum wage provisions of Article 6 of the NYLL and the Wage Order apply to Defendants and protects Plaintiff and the members of the NYLL Class.

134.    Defendants failed to provide Plaintiff and the members of the NYLL Class with accurate written statements concurrent with payment of wages that listed, *inter alia,* the number of regular and overtime hours worked, to which they are entitled under the NYLL § 195(3) and Wage Order.

135.    At all times relevant herein, Defendants failed to make complete and timely payment of all wages due under the NYLL Articles 19 or 19-A to Plaintiff and members of the NYLL class.

136.    At all times relevant herein, Defendants did not have a good faith basis for believing that it was not required to provide Plaintiff and members of the NYLL Class with the notice pursuant to NYLL § 195(3).

137.    Through their knowledge or intentional failure to provide Plaintiff and the members of the NYLL Class with wage statements, Defendants have willfully violated the NYLL Article 6 §§ 195 *et seq*.

138.    Due to Defendants' violations of the NYLL § 195(3), Plaintiff and the members of the NYLL Class are entitled to recover from Defendants $5,000.00 in damages, as provided for by NYLL Article 6, § 198, reasonable attorneys' fees and costs.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, individually and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

a)    Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action members;

b)    Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

c)    Designation of Plaintiff as representative to Rule 23 Class and counsel of record as Class Counsel;

d)    Issuance of a declaratory judgment declaring that the practices complained of in this Class and Collective Action Complaint, including non-payment of premium overtime and spread of hour wages, are unlawful under the NYLL

Article 6, §§ 198 *et seq*., NYLL Article 19, §§ 650 *et seq*., and the Wage Order;

e)  Issuance of a declaratory judgment declaring that the practices complained of in this Class and Collective Action Complaint, including non-payment of premium overtime wages, are unlawful under the FLSA;

f)  Issuance of a declaratory judgment declaring that the Defendants did not comply with the NYLL § 195(1) and 195(2) as it pertained to Plaintiff and the NYLL Class;

g)  Issuance of a declaratory judgment declaring that the Defendants did comply with NYLL § 195(3) as it pertained to Plaintiff and the NYLL Class;

h)  An award of unpaid overtime wages that Plaintiff and the FLSA/NYLL Class are due under FLSA, NYLL, the Wage Order, an additional and equal amount as liquidated damages;

i)  An award of unpaid spread of hour compensation that Plaintiff and the NYLL Class were due under NYLL and the Wage Order and an additional and equal amount as liquidated damages;

j)  An award of $5,000.00 for Plaintiff and each member of the FLSA Class in damages against Defendants pursuant to NYLL §§ 195(1) or 195(2) and 198;

k)  An award of $5,000.00 for Plaintiff and each member of the FLSA Class in damages against Defendants pursuant to NYLL §§ 195(3) and 198;

l)  Prejudgment and post-judgment interest;

m) Issuance of an injunction against the Defendants and their respective officers, agents, successors, employees, representatives, and all persons acting in

concert with them, as provided by law, barring the engagement in each of the

unlawful practices, policies, and patterns set forth herein;

n)  An injunction requiring Defendants to pay all statutorily required wages

herein pursuant to the FLSA, NYLL, and Wage Order;

o)  An order, award, and injunction providing that if any amounts remain unpaid

upon the expiration of ninety days following issuance of judgment, or ninety

days after expiration of the time to appeal and no appeal is then pending,

whichever is later, the total amount of judgment shall automatically increase

by fifteen percent, as required by NYLL § 198(4);

p)  Reasonable attorneys' fees and costs of the action; and,

q)  Such other relief that this Court shall deem just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a jury on all issues to be tried.

Date:  New York, New York
       June 5, 2023

                              The Law Offices of
                              Fausto E. Zapata, Jr., P.C.



                              By:  _____
                              Fausto E. Zapata, Jr. (FZ-4957)
                              *Attorneys for Plaintiff Juárez*
                              277 Broadway, Suite 501
                              New York, New York 10007
                              Tel. (212) 766-9870
                              Email: fz@fzapatalaw.com

## CONSENT TO SUE UNDER FEDERAL LABOR STANDARDS ACT

By my signature below, I, Luis Carlos Corona, hereby authorize the filing and prosecution of claims in my name to contest the failure of YDW Produce Corp to pay me proper overtime wages as required under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. Pursuant to 29 U.S.C. 216(b), I authorize the filing of this consent in the lawsuit challenging such conduct and consent to being named as a party plaintiff and representative in a collective action in this action. I have been provided with a copy of the retainer agreement that I signed by The Law Offices of Fausto E. Zapata, Jr., P.C., and I agree to be bound by its terms. I hereby designate The Law Offices of Fausto E. Zapata, Jr., P.C., to represent me in such a lawsuit.

_____
Luis Carlos Corona


04-14-2023
_____
Date

9